Appeal number 24-3175, Mr. Flood, whenever you're ready. Good morning, your honors. Mr. Flood, can I... What happened here? I mean, it looks to me like maybe the district court just got the standard reversed. That is our position, your honor. In effect, the district court's rejection of Deputy Woyda's... You raised the defense. The district judge found that the plaintiff failed to meet the defense, but nonetheless denied qualified immunity. That's correct. And in the district court's reasoning, it was because the court felt that it would be unfair to recognize immunity at this stage in the proceedings because it found that Deputy Woyda did not show that his conduct did not violate a clearly established... That's not... There's... Is there any law that supports that application of the standard? No, your honor. Mr. Woyda, the... I agree that the standard, as you have articulated writ large, but from the record, Officer Woyda did not make that particular argument at district court, right? And so, in other words, as I went and reviewed the summary judgment motions on this issue, and Mr. Woyda did not say that the theory against me is a failure to intervene versus a... And that that claim is different than the claim against Mr. Doe. And focusing on my claim, I'm entitled to qualified immunity because it's not the right... It's not clearly established that I had to intervene in this instance, right? I mean, that's the theory you offer now, but that argument was never made to district court. Isn't that correct? I would disagree with that, your honor. Can you point... Really, can you point to me where in your brief before district court you made that distinction between... Or you, meaning Mr. Woyda, made that distinction between himself and Mr. Doe? Well, first, I'd just like to clarify that I think the argument was made, but it wasn't developed to any high level of detail. Well, I mean, was the term failure to intervene even mentioned in the briefs? Because I did not see it in the briefs. I don't recall if the term was used, but I do know that... And so what you're... I'm just trying to understand. I'm trying to figure out what the district court was supposed to do. So let's say the district court, right, had said, you know what? I'm going to deny the motion for summary for the request for qualified immunity at this time, because that argument... Because Mr. Woyda never raised the argument before me, okay? And under the principle of party presentation, the district court doesn't have to go off and look at its own theories, right? And so district court said both sides kind of lumped Doe and Woyda together, right? And Woyda never argued that about whether or not the law was clearly established with regard to his duty to intervene. And so since he didn't raise it, I think he kind of waived it. And so I might allow him to raise it again later, but I'm not going to rule on that basis now. That seems like a perfectly logical or reasonable exercise of the court's discretion, given the fact that the argument wasn't even made. So how is that wrong? Well, the argument was raised in both the moving brief on the motion... The argument was raised that there's no clearly established law establishing that Mr. Woyda had to intervene. Again, I can't recall if those exact words, failure to intervene, were used, but the argument was made that the alleged conduct of Deputy Woyda did not violate any clearly established laws. Suppose the district judge had just said, I've got your motion. I'm not going to rule on it now. I'm going to take it under advisement. Let's go on. Could she have just sat on that motion? I suppose she could have. I don't think there's anything that requires a court to decide a motion. So she said what she did was she denied it without prejudice and said, let's go on. She wasn't going to stick her neck out on a motion that had been badly presented to her. Isn't that basically what would occur? She did decide the motion. It wasn't like she put the decision off and said... Has the plaintiff argued that she didn't decide the motion? I don't believe so. I don't either. No. The issue here is that the district court... Did the district court ever indicate that there was factual development that needed to be required for her to decide the motion? No. I'm totally confused here. I thought what happened here is the district judge said the issue of qualified immunity was raised. The plaintiff did not meet their burden, but yet qualified immunity is denied. That's the way I read her order. Is there another way to read it? No, Your Honor. I don't believe there's any other interpretation of that order. The court was pretty clear in acknowledging that the defense was raised. The burden was on the plaintiff to overcome the defense. To do that, he had to either identify... She found that he didn't overcome that burden, right? Right. Because he didn't respond to the argument whatsoever. She found that. She didn't say, I need more factual development. I need more time. I need to kick the can down the road. No. The sole reasoning the court provided for denying it was because the defendants did not establish something that it did not have a burden on. The core reason was because defendants didn't raise the argument in the first place. Defendants raised the argument. No, no, no. But she said it wouldn't be fair because while defendants said qualified immunity applies here, writ large, generally, they didn't articulate the basis for the theory or the legal basis for the defense with regard to Mr. Wojda's actions in particular, right? Well, I think that the posture... This was a motion for judgment on the pleadings. The facts that this argument was based on were in the pleadings. No, no. I understand that. And Mr. Wojda argued that qualified immunity should apply. I give you that. But he and Mr. Doe, in conjunction, said that the law was not clearly established that a bailiff couldn't speak to a juror, right? Neither of them talked about this kind of failure to intervene theory or explore it. And so I guess it's difficult for me to take the district court to task for not addressing an argument that Mr. Wojda never made before her. This kind of the failure to intervene and qualify immunity with regard to that claim. The only allegations against Deputy Wojda is this failure to intervene and failure to report. There's no other conduct that is alleged by Mr. Mahajani that Wojda did or didn't do that violated his rights. I mean... Right, right. But usually the way this happens is that one side raises a legal argument and gives the other side a fair opportunity to respond to it, right? Here the district court found that Wojda, while he may have raised qualified immunity generally along with Doe with regard to the particular direct action, didn't raise this failure in context of the failure to intervene. And so it wouldn't be fair to grant qualified immunity in that context because the plaintiff wasn't given a chance to respond. I mean, that's what the district court said when it talked about fairness, right? It did say that, but... Wasn't the plaintiff's theory failure to intervene? The plaintiff filed the complaint, right? Not the defendant. Correct. And the argument that he raised... So what else could qualified immunity have applied to if it wasn't failure to intervene? That's the plaintiff alleged that the defendant failed to intervene. What else could qualified immunity have been about? Fourth Amendment, original... I don't know. There was nothing else, which is, you know, when we raised the argument in our briefing, it was the alleged conduct of Deputy Wojda did not violate a clearly established right. There's no case law that requires a defendant to show... Meaning his allegations, right? Correct. His allegations from the complaint. Correct. And there's no case law that... All the district judge had to do was read the complaint. Correct. As did Mr. Mahajani, because I know that some of his arguments were that there was nothing for him to respond to. But, I mean, the issue was put forth at that point, it became his burden. There's no case law that requires anything further from a defendant for immunity to be  It's the plaintiff's burden to overcome that defense, and he did not respond to the defense at all with Deputy Wojda. All right. Do you want to save some time for rebuttal here, Mr. Flood? Okay. Thank you. All right. All right. Mr. Kerger. Good morning. May it please the court. I'm Attorney Ron Kerger. I represent Marwan Mahajani, the plaintiff, a pally in this case. And, Your Honor, before I get started, I would like to say I'm successor counsel. I was not there at the district court. I have the exact same access and details that was presented before you. Well, you agree that in the district court, the plaintiff failed to respond to the argument of qualified immunity, right? I would not. I would state that there was, in the predecessor counsel's brief, a paragraph that detailed out why qualified immunity would not apply. Well, anyway, the district court found that to be insufficient. The district court found that the plaintiff did not meet its burden, right? And then in sort of some act of fairness, I suppose, denied qualified immunity. What basis in the law is there for a judge to deny qualified immunity when the plaintiff has not met its burden? Well, Your Honor, I would argue that it gave an out to the . . . And what law allows that? That's my question. What law allows the district judge to just say, I'm not going to apply the law? I think in terms of inherent authority, they have the discretion to say that this is not properly raised or was not properly fleshed out. The district court, in her argument, stated that while the defense had raised the issue of qualified immunity, that they made no arguments. So, in terms of how the plaintiff was to respond to said defense, how it was to apply to said defendant . . . Was the plaintiff confused by its own allegations in the complaint? I mean, what else could it have been about? No, I think that . . . This is a failure to intervene case. It couldn't be any simpler. I think that it's the level of action, whether for Doe, the other defendant, Bailiff . . . Look, why is it not this simple? The plaintiff makes allegations in the complaint. The defendant says, I'm entitled to qualified immunity because there's no clearly established law that says the plaintiff's facts violate a constitutional right. That's it. Now, the plaintiff has to come forward and say, no, there is established law that supports that the facts alleged in the complaint violate clearly established law. What more could the defendant have said? I guess, suppose he could have repeated the plaintiff's complaint paragraph by paragraph. I think that the district court allowed the option for the plaintiff . . . I'm sorry, for the defendant to brief and do a reply brief from the . . . Allow the plaintiff to do a reply brief in regards to the specific liability of Mr. Voida. But, the defense decided that they wanted to seek the remedy through the court of appeals. And, this is a 12 . . . I know it's splitting . . . Wait a minute. Yeah, I understand what you're saying. But, here, the district court decided it. There's no doubt. And, you didn't make the argument that the district court didn't decide it. That is correct. You did not make a jurisdictional argument. You don't have to. We need to decide. But, there's no doubt that the district court decided the issue here. She did not say, I need further factual development. I've got to await summary judgment to decide qualified immunity, which we see a lot. As Judge Ripple indicated, she could have said that and said, I need to kick the can down the road. She didn't. I would agree that she did make a decision in this matter. I would . . . The decision was what? That she would deny qualified immunity without prejudice in terms of this defendant. I think she . . . It's always without prejudice. You know, you can raise qualified immunity at the end of a trial. It's always without prejudice. Absolutely. But, we don't have to wait until the end of the trial to decide qualified immunity. Once the district court decides it, the defendant can appeal. Absolutely. And, they've exercised their rights to do so. I would argue, though, that in the district court's discretion in how she came to her conclusion as to how qualified immunity was raised without argument. And, that while I would take a contrarian opinion as to whether or not a plaintiff actually responded, she stated that this was not a . . . She stated the plaintiffs didn't meet its burden. I mean, the defendants have certain rights. And, district judges can't just willy-nilly apply the law in the way that they see fit. I mean, defendants have rights. The whole right to qualified immunity provides that they not stand trial, that they not have to go through discovery in the summary judgment process. District judges . . . I don't know what authority you can appoint to in the rules or in the law that says a district court judge can decide that the plaintiff failed to meet its burden, decide the issue of qualified immunity. But yet, in some act of kindness or fairness to the plaintiff, say, I'm going to allow the case to proceed. I would, again, I would point to the district court's reasoning behind where she came to her decision, which is, while the defense raised the issue of qualified immunity, they made no arguments as to why Mr. Voyda is entitled to that. How would they have done that here? I think that . . . Other than repeating the allegations in the complaint. It's not their burden to establish that there is no clearly established law. It's your burden to establish that there is. Once they say that we take the facts of the complaint, there is no clearly established law to support the constitutional violation. What more do they need to do? I think it boils down to the unique nature of this case that I don't . . . there's not a ton of case law in terms of . . . There's none. In terms of . . . well, there is one case that predecessor counsel did cite in their brief, Tobey v. Bessinger, which detailed out a bailiff intercepting messages between a jury and the judge and the . . . I'm talking about procedural cases. Yes. I'm talking about procedural cases that say that what happened here is okay. Do you think the . . . if the defendants had filed a one-sentence motion for summary judgment saying . . . or judgment of pleading, saying qualified immunity applies here, period, and the plaintiff responded as best the plaintiffs could, and the district court said, you know what, I'll address some of these theories, but, you know, with regard to the ones that they didn't raise, I don't have to do it because that's what parties are supposed to do. The notion of party presentation is I don't . . . I'm not supposed to go and figure out and make theories for them. Do you think a one-line motion for judgment on the pleadings would be sufficient to satisfy a party's burden? I would argue that there has to be some . . . while I . . . qualified immunity is a very strong tool in the defendant's tool bag for this case, I don't think just by stating that there is qualified immunity without stating how it applies, the procedural background, the statement of facts, just the bare minimum of how this should apply to this case. They raised the issue, but didn't . . . and the judge said that they raised the issue, then said that they did not make any arguments. While I'm appreciative of the one-line arguments, it would make our jobs so much more easier, I would argue that it fails to . . . like, how would then a plaintiff respond? Well, the plaintiff would respond from the allegations and the complaint. You had one theory, failure to intervene. It couldn't be any simpler. So, I could accept that if there were multiple theories where the defendant would have to set forth the theories and say that the facts as alleged in the complaint. There's no reason the defendant needs to restate all the facts. The facts as alleged in the complaint do not establish this theory or there's no clearly established law to establish this. Here, there's . . . it's failure to intervene. That's it. I mean, we have the complaint. We have one theory of liability, failure to intervene. Why is it not enough for the defendant to say, my client is entitled to qualified immunity. Now, plaintiff, it's your burden to qualify immunity because there is no clearly established law that says the facts alleged in the complaint amount to a constitutional violation. Now, the buck passes to the plaintiff to say, no, they're it. Judge, there is a case. It's Smith versus Jones. And now, it's the defendant's responsibility to respond. And say Smith versus Jones is inapplicable. But it's like a tennis serve. Once you serve, you . . . I mean, what else does the defendant have to do in this particular case? Repeat the allegations in the complaint? I would argue that while the complaint does list both Doe and Voida together, I would argue that it's . . . defense has the argument to say, okay, for Doe, it's crystal clear as to why the violation occurred and why qualified immunity doesn't exist. But for Voida, his . . . But we're not here on Doe, right? No, we're not. We're only here on Voida. Correct. And I would say that this is how Voida . . .  That's correct. It's your complaint. Yes. So, I would argue that the defense has the ability to raise the issue in the district court, raise the issue of qualified immunity, which they did. I'm not saying that they didn't. But then to flesh it out with arguments saying, okay, this is . . . it may be a one-page, two-page document. But the fact that they made no arguments doesn't mean that they can just . . . They did make an argument. They don't have the burden. Well, they are the moving party. And I would argue that, again, seeing that I'm out of time, I would just finish on this thought. This is not a summary judgment motion. This is a Rule 12 motion, you know, splitting of hairs. But there is a difference in terms of burden and in terms of responsibility. They are the moving party. All right. Thank you. Thank you. Thank you very much, Mr. Carter. Mr. Flood, we'll give you a minute for rebuttal. Thank you, Your Honors. First, I just want to address Mr. Carter's argument today that Mr. Mahojani did address Deputy Wojda's qualified immunity in the district court. That was not the case. And his opposition to Deputy Doe's qualified immunity and his arguments that were specific to that defense do not carry his burden with respect to Deputy Wojda. The district court correctly acknowledged that there are different allegations against those two defendants, and the distinct conduct that's alleged by them or against them requires a distinct analysis on qualified immunity. And that comports with the standards for individual liability under Section 983 as well, which requires personal involvement. Would you like to comment on this Brethard case, which we decided a little earlier this year? In what case? Brethard, B-E-A-T-H-A-R-D. I do not have any comments on that case, Your Honor. I also wanted to address the option to brief on summary judgment and whether the court has the discretion to do that. I agree that the court has discretion to not decide a motion or to let a motion sit, but that did not happen here. The motion was decided. And qualified immunity protects government officials from both litigation and liability. So the purpose of qualified immunity is undermined if we have to wait until summary judgment to be able to argue again. All right. Thank you, Mr. Flood. The case will be taken under advisement. Thank you.